**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GABRIEL VALDEZ AND CYNTHIA HACK,** | § § § § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **CAUSE NO. 5:25-CV-00438** |
| **WELLMED MEDICAL MANAGEMENT, INC. AND UNITEDHEALTH GROUP, INC.,** | § § § § § | |
| *Defendants*. | § § § | |

**DEFENDANT UNITEDHEALTH GROUP, INC.'S
MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.      INTRODUCTION..................................................................................1

II.     BACKGROUND ..................................................................................1

III.    DISMISSAL STANDARDS...................................................................2

        A.      Failure to State a Claim Under Rule 12(b)(6) .......................2

        B.      Insufficiency of Process and Service of Process...................3

IV.     ARGUMENT .......................................................................................4

        A.      Plaintiffs Do Not and Cannot Allege United Was an Employer,
                Contractor, or Principal, Which Is Fatal to Plaintiffs' Claim...................4

        B.      Plaintiffs' Service of a Defective Summons Warrants
                Dismissal.................................................................................5

        C.      WellMed's Motion to Dismiss Asserts Other Grounds that
                Warrant Dismissal Pursuant to Rule 12(b)(6) .......................7

        D.      Dismissal With Prejudice Is Appropriate...............................7

V.      CONCLUSION ...................................................................................8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*,
635 F.2d 434 (5th Cir. 1981) ......................................................................................4

*United States ex rel. Aharon v. Nuvance Health, Inc.*,
No. 24-cv-525 (KMK), 2025 U.S. Dist. LEXIS 63654, 2025 WL 968583
(S.D.N.Y. March 31, 2025).........................................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................2, 3, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................3

*Benfield v. Magee*,
945 F.3d 333 (5th Cir. 2019) ......................................................................................3

*United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*,
816 F.3d 315 (5th Cir. 2016) ...............................................................................1, 4, 5

*Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*,
561 F.3d 377 (5th Cir. 2009) ......................................................................................3

*Crossen v. Bernstein*,
91 Civ. 3501 (PKL), 1994 U.S. Dist. LEXIS 8388 (S.D.N.Y. June 23, 1994) ......................6

*Fried v. JPMorgan Chase & Co.*,
850 F.3d 590 (3d Cir. 2017) ......................................................................................7

*Frith v. Guardian Life Ins. Co.*,
9 F. Supp. 2d 734 (S.D. Tex. 1998) ...........................................................................3

*Gartin v. Par Pharm. Cos.*,
289 Fed. App'x 688 (5th Cir. 2008) ............................................................................3

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*,
995 F. Supp. 2d 587 (N.D. Tex. 2014) ........................................................................2

*Life Partners Creditors' Tr. v. Cowley*,
926 F.3d 103 (5th Cir. 2019) ......................................................................................7

*United States ex rel. Lokosky v. Acclarent, Inc.*,
  270 F. Supp. 3d 526 (D. Mass. 2017)...................................................................5

*Patterson v. Heffernan*,
  No. 21-5398, 2024 U.S. Dist. LEXIS 104210, 2024 WL 2958949 (E.D. Pa.
  June 12, 2024) .........................................................................................6

*R2 Invs. LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) .........................................................................3

*Reilly v. TXU Corp.*,
  No. 3:05-CV-0081-M, 2009 U.S. Dist. LEXIS 26522, 2009 WL 857598 (N.D.
  Tex. Mar. 31, 2009).................................................................................4

*Sutton Place 1 Townhouse v. Amguard Ins. Co.*,
  668 F. Supp. 3d 684 (W.D. Tex. 2023).............................................................4

*Thomas v. New Leaders for New Sch.*,
  278 F.R.D. 347 (5th Cir. 2011) .....................................................................4

*Thompson v. Quorum Health Res., LLC*,
  No. 1:06-cv-168-R, 2007 U.S. Dist. LEXIS 72376, 2007 WL 2815972 (W.D.
  Ky. Sept. 27, 2007) .................................................................................4

*United States v. Bestfoods*,
  524 U.S. 51 (1998)...................................................................................7

*Washpon v. Progressive Corp.*,
  No. 1:23-CV-1239-RP, 2024 U.S. Dist. LEXIS 14571, 2024 WL 874721
  (W.D. Tex. Jan. 26, 2024)............................................................................6

*Wells v. Ali*,
  304 Fed. App'x 292 (5th Cir. 2008) ................................................................6

**Statutes**

31 U.S.C. § 3730(h) .............................................................................4, 5, 7

**Other Authorities**

Fed. R. Civ. P. 4(a)(1) .............................................................................5

Fed. R. Civ. P. 12(b) .........................................................................*passim*

## I.    INTRODUCTION

This lawsuit is based on alleged violations of the False Claims Act's ("FCA") retaliation provision.  Plaintiffs are former employees of Defendant WellMed Medical Management, Inc. ("WellMed").  Plaintiffs' Complaint alleges no violations of law or retaliatory acts by Defendant UnitedHealth Group, Inc. ("United"), but it nevertheless names United as a Defendant.  Plaintiffs' claim against United rests on the most threadbare of connections, that United owns Defendant WellMed Medical Management, Inc. ("WellMed").  Under Fifth Circuit case law, that is inadequate.  FCA retaliation claims require a defendant to have an "employer-type" relationship with the plaintiff.  *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 324 (5th Cir. 2016).  Plaintiffs do not, and cannot, make such an allegation as to United, which warrants dismissal with prejudice.  Moreover, Plaintiffs misunderstand Defendants' roles as Medicare contractors and fail to allege any false claim or statement to the federal government.  Plaintiffs also failed to properly effect service of this lawsuit, requiring dismissal.

Given these deficiencies, the Court should dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted under Rule 12(b)(6), for insufficient process under Rule 12(b)(4), and for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## II.    BACKGROUND

The Court is familiar with the facts of this case from the WellMed's companion motion to dismiss, ECF No. 12, so United will repeat them here only as needed.  The gravamen of Plaintiffs' claim against WellMed is they suffered retaliation for reporting suspected fraud.  But the Complaint includes only a handful of allegations about United:

---

- United operates a Medicare Advantage plan that WellMed "works within," and from which United is paid a capitation payment, Compl. ¶ 28;

- Casas Group provides construction services for WellMed and United, Compl. ¶ 37;

- WellMed is owned by United, Compl. ¶¶ 20, 48; and

- United did not report unspecified conduct (that Plaintiffs do not allege United knew of) to the government or its board. Compl. ¶ 68.

Plaintiffs now sue WellMed and United under the FCA. *See* Compl. On April 22, 2025, the clerk issued a summons for United. *See* ECF No. 3. This summons bears the court's seal and the clerk's signature. *Id.* Plaintiffs have not filed proof of service of a summons on United. But Plaintiffs attempted to effect service of process on United with a summons lacking both the court's seal and the clerk's signature. *See* Exhibit A.

This motion follows.

## III.    DISMISSAL STANDARDS

### A.    Failure to State a Claim Under Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal-Mart, Inc.-Store No. 155,*

681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery." (cleaned up)).  Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

Although well-pleaded facts are taken as true and reasonable inferences are in favor of the nonmoving party, *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019), complaints still must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," have no right to the presumption of truth.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (providing that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

**B.      Insufficiency of Process and Service of Process**

Federal Rule of Civil Procedure 12(b)(4) allows dismissal of a claim for "insufficient process."  "Generally speaking, an objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service."  *Gartin v. Par Pharm. Cos.*, 289 Fed. App'x 688, 691 n. 3 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353) (cleaned up).  A motion to dismiss under Rule 12(b)(4) "thus challenges whether the summons . . . is invalid under the applicable

Rules of Civil Procedure." *Sutton Place 1 Townhouse v. Amguard Ins. Co.*, 668 F. Supp. 3d 684, 693 (W.D. Tex. 2023).

Federal Rule of Civil Procedure 12(b)(5) allows dismissal of a claim for "insufficient service of process" if the summons and complaint were "not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 350-51 (5th Cir. 2011). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

## IV.    ARGUMENT

Plaintiffs do not allege United had the requisite employer-type relationship with Plaintiffs to maintain a retaliation claim against United. The Complaint is deficient for the reasons stated in WellMed's Motion to Dismiss as well. And Plaintiffs did not effect proper service of this lawsuit on United. This Court should dismiss the Complaint with prejudice.

### A.    Plaintiffs Do Not and Cannot Allege United Was an Employer, Contractor, or Principal, Which Is Fatal to Plaintiffs' Claim

Section 3730(h) protects only "employees, contractors, or agents" of a defendant. Section 3730(h) liability is limited to only "those by whom plaintiffs are employed, with whom they contract, or for whom they are agents." *Bias*, 816 F.3d at 324. "In the Fifth Circuit, there is a strong presumption that a parent corporation is not the legal employer of its subsidiary's employees and thus, a parent company is ordinarily not liable for the discriminatory acts of its subsidiary." *Reilly v. TXU Corp.*, No. 3:05-CV-0081-M, 2009 U.S. Dist. LEXIS 26522, 2009 WL 857598, at *5 (N.D. Tex. Mar. 31, 2009); *see also Thompson v. Quorum Health Res., LLC*, No. 1:06-cv-168-R, 2007 U.S. Dist. LEXIS 72376, 2007 WL

2815972, at *4 (W.D. Ky. Sept. 27, 2007) (dismissing Section 3730(h) claim in part because "[t]he fact that [defendant] is the parent corporation of Plaintiff's employer is not enough to make [defendant] Plaintiff's employer as well"); *United States ex rel. Aharon v. Nuvance Health, Inc.*, No. 24-cv-525 (KMK), 2025 U.S. Dist. LEXIS 63654, 2025 WL 968583, at *45 (S.D.N.Y. March 31, 2025) (dismissing Section 3730(h) claim against employer's parent company); *United States ex rel. Lokosky v. Acclarent, Inc.*, 270 F. Supp. 3d 526, 531 (D. Mass. 2017) (same).

Here, Plaintiffs do not allege that United employed them, contracted with them, or created a principal-agent relationship with them.  *See generally* Compl. United's only purported connection to the events alleged in the Complaint is that United acquired WellMed in 2011.  Compl. ¶ 20, 48.  That United is alleged to own WellMed is insufficient to allege an "employer-type" relationship, warranting dismissal.  *Bias*, 816 F.3d at 324.

Because Plaintiffs do not allege an employer-type relationship or that United engaged in any conduct for which it could be liable under Section 3730(h), the Court should dismiss the Complaint as against United.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

B.      **Plaintiffs' Service of a Defective Summons Warrants Dismissal**

Plaintiffs were required to serve a summons "signed by the clerk" and "bear[ing] the court's seal."  Fed. R. Civ. P. 4(a)(1)(F), (G).  Plaintiffs did not.  The summons served on United lacked both the clerk's signature and the court's seal.  *See* Ex. A.

---

A summons that lacks the clerk's signature is invalid, and omission of the clerk's signature renders service improper. *See Washpon v. Progressive Corp.*, No. 1:23-CV-1239-RP, 2024 U.S. Dist. LEXIS 14571, 2024 WL 874721, at *6 (W.D. Tex. Jan. 26, 2024); *see also Wells v. Ali*, 304 Fed. App'x 292, 295 (5th Cir. 2008) (explaining that a court "had no choice" but to dismiss claims where a plaintiff failed to obtain clerk signature and court seal). "The consequence of service of an unsigned and unsealed summons is dismissal." *Patterson v. Heffernan*, No. 21-5398, 2024 U.S. Dist. LEXIS 104210, 2024 WL 2958949, at *5 (E.D. Pa. June 12, 2024) (citing *Ayers v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 570 (3d Cir. 1996)). Further, "service of an unsigned and unsealed summons is generally thought to demonstrate a flagrant disregard for the rules and, thus, to provide a basis for denying leave to amend." *Crossen v. Bernstein*, 91 Civ. 3501 (PKL), 1994 U.S. Dist. LEXIS 8388, at *8 (S.D.N.Y. June 23, 1994).

Dismissal is warranted under both Rule 12(b)(4) and 12(b)(5), as both the summons itself was deficient under the Rules, and, by serving a defective summons, Plaintiffs failed to effect adequate service of process. Fed. R. Civ. P. 12(b)(4), (b)(5). As articulated in WellMed's companion motion, Plaintiffs' failure to follow the rules of procedure not only prevents the Court from exercising jurisdiction over United, it impairs the Court's ability to administer the rules in a just, speedy, and inexpensive manner. Also, Defendants suffer prejudice in having to defend a lawsuit in which they have not properly been served, when the only alternative is to ignore the case, risking a default judgment. Given the lack of service of process, the proceedings are void, and the Complaint should be dismissed.

**C.      WellMed's Motion to Dismiss Asserts Other Grounds that Warrant Dismissal Pursuant to Rule 12(b)(6)**

United incorporates and asserts WellMed's arguments regarding the Complaint's failure to state a claim for relief.  ECF No. 12.  The Complaint inadequately pleads an FCA violation, protected activity, or that protected activity caused adverse employment action.  Further, there are no well-pleaded facts from which to infer United presented any false claim to the government, much less that United knowingly did so.  There is no allegation anyone at United knew about the purportedly fraudulent conduct, presented or cause to be presented a false claim for payment to the federal government, or withheld funds due to the federal government.  And mere ownership of a subsidiary does not justify the imposition of liability on the parent.  *See United States v. Bestfoods*, 524 U.S. 51, 69 (1998); *see also Fried v. JPMorgan Chase & Co.*, 850 F.3d 590, 595 n.2 (3d Cir. 2017) ("[P]arent companies are not, merely by dint of ownership, liable for the acts of their subsidiaries."). The Complaint should be dismissed in its entirety, or at minimum United dismissed as a defendant.

**D.      Dismissal With Prejudice Is Appropriate**

"Leave to amend need not be granted when the amended pleading 'would not withstand a motion to dismiss for failure to state a claim.'" *Life Partners Creditors' Tr. v. Cowley*, 926 F.3d 103, 125 (5th Cir. 2019) (quoting *Lewis v. Fresne*, 252 F.3d 352, 360 n.7 (5th Cir. 2001)).  Any amended complaint Plaintiffs could propose would fail.  Section 3730(h) requires Plaintiffs to plead an employer-type relationship, that protected activities "relate to matters demonstrating a 'distinct possibility' of False Claims Act litigation," *Eder*, 2024 U.S. Dist. LEXIS 205881, at *6, and the submission of false or fraudulent claims

to the federal government. *Id*.  Plaintiffs cannot plead an employer-type relationship or that Defendants, or specifically United, submitted claims to the federal government related to the activities alleged.  Dismissal with prejudice is warranted

## V.    CONCLUSION

Plaintiffs allege no employer-type relationship with United—much less plausibly so. Plaintiffs failed to effect service on United.  And the Complaint lacks plausible allegations of FCA retaliation.  Plaintiffs' Complaint should be dismissed with prejudice; or, in the alternative, United should be dismissed as a Defendant from this action.

Dated: June 16, 2025                              Respectfully submitted,

*/s/Alex P. Hontos*

Alex P. Hontos*
Minnesota State Bar No. 0388355
hontos.alex@dorsey.com
Christopher A. DeLong*
Minnesota State Bar No. 0398965
delong.christopher@dorsey.com
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600 (main)
(612) 340-2868 (facsimile)

*admitted pro hac vice*

*Attorneys for Defendants WellMed Medical Management, Inc. and UnitedHealth Group, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 16, 2025, a true and correct copy of the

foregoing instrument was served on all counsel of record via CM/ECF.

/s/Alex P. Hontos
Alex P. Hontos